USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE SILVERIO,

               Plaintiff,

-against-

LQ 511 CORP., LATIN QUARTER NY, INC., and GENARO JIMENEZ

               Defendants.

13 Civ. 5002 (AT)

**MEMORANDUM
AND ORDER**

ANALISA TORRES, District Judge:

In this diversity action, Plaintiff, Stephanie Silverio, moves for leave to file an amended complaint, or in the alternative, for a stay pending the outcome of an Equal Employment Opportunity Commission ("EEOC") proceeding. For the reasons that follow, the motion for leave to amend is DENIED and the motion for a stay is GRANTED.

## BACKGROUND

Plaintiff alleges that she was fired by Defendants LQ 511 Corp. and Latin Quarter NY, Inc. (together "LQ") as a result of discriminatory treatment by Defendant Genaro Jimenez, in violation of New York City Administrate Code §§ 8-107(1), (7) and (13). After her initial complaint failed to sufficiently detail Jimenez's citizenship, Plaintiff filed an amended complaint alleging complete diversity pursuant to 28 U.S.C. § 1332 in that all Defendants are citizens of New York, and that Plaintiff is a citizen of New Jersey. In its verified answer, LQ asserts that Jimenez is a citizen of New Jersey, not New York. Jimenez has not filed an answer or otherwise appeared in this action. By letter dated November 15, 2013, Plaintiff concedes that Jimenez is a citizen of New Jersey, and that diversity jurisdiction is lacking. On November 27, 2013, Plaintiff filed a complaint with the EEOC alleging violations under Title VII against LQ. On the same day, Plaintiff filed a motion for leave to file an amended complaint that drops Jimenez as a defendant, in order to preserve diversity. In the alternative, Plaintiff requests that the Court stay this action pending the EEOC's issuance of a right to sue letter, which would provide additional federal claims and, therefore, an

alternate basis for federal jurisdiction under 28 U.S.C. § 1331.

## STANDARD OF REVIEW

After a responsive pleading has been served, a party must obtain permission from the district court for leave to amend its complaint if the opposing party does not consent to the proposed amendment. Fed.R.Civ.P. 15(a). Although whether to grant leave to amend is entirely within the discretion of the court, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971), under the Rule, a trial court shall grant leave if justice so requires, Fed. R. Civ. P. 15(a). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (refusal to grant leave to amend without justification is inconsistent with the spirit of the Federal Rules). District courts may deny leave to amend in the face of undue delay, bad faith, dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendments previously allowed, or futility of the amendment. *Foman*, 371 U.S. at 182; *Henry v. Murphy*, 2002 WL 24307, at *2 (S.D.N.Y., Jan. 8, 2002). No one single factor is dispositive. *See Block v. First Blood Assoc.*, 763 F. Supp. 746, 748 (S.D.N.Y. 1991).

Although a "district court may properly deny leave when amendment would be futile," *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999), this ground for refusal has been narrowly construed in the Second Circuit. *Ferber v. Travelers Corp.*, 1992 WL 34683, at *1 (D. Conn., Jan.9, 1992), citing *Ryder Energy Distrb. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.3d 774, 783 (2d Cir. 1984). If there is a colorable basis for the lawsuit to proceed with the proposed amendment, the court should ordinarily grant leave to amend. *Kaster v. Modifications Sys., Inc.*, 731 F.2d 1014, 1018 (2d Cir. 1984).

## DISCUSSION

I. <u>Motion for Leave to Amend</u>

The parties' dispute regarding leave to amend centers on whether the proposed amendment

is permissible under Federal Rules of Civil Procedure 19(b) and 21. Plaintiff's proposed amended complaint would drop non-diverse Defendant Jimenez in order to preserve diversity jurisdiction. LQ contends that Jimenez cannot be dropped because he is an indispensable party under Rule 19(b). The Court agrees with LQ.

Although the Court has broad discretion to permit amendment under Federal Rule of Civil Procedure 15, pursuant to Federal Rule of Civil Procedure 21, a non-diverse party may only be dropped to preserve diversity jurisdiction where such party is not indispensable under Rule 19(b). *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 89 (2d Cir. 1990). When a plaintiff seeks to drop a necessary party whose joinder would otherwise defeat diversity jurisdiction, Rule 19(b) requires the Court to consider four factors: (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action; (2) the extent to which any prejudice could be alleviated; (3) whether a judgment in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit. Fed. R. Civ. P. 19(b); *see also Curley*, 915 F.2d at 90-91.

Here, the gravamen of Plaintiff's amended complaint is that LQ fired Plaintiff, who was a waitress at a nightclub owned by Defendants LQ, in retaliation for her complaints that Jimenez directed sexist conduct toward her. Plaintiff alleges that she was an employee of LQ, and that Jimenez, also an employee of LQ, was her supervisor. Thus, Plaintiff argues that this lawsuit may proceed in Jimenez's absence, because her employment relationship was with LQ, which may be held liable for Jimenez's conduct whether or not Jimenez is a named party. LQ disputes Plaintiff's characterization of the employment relationship, and contends that Jimenez and his company, Cache Productions, were independent contractors who separately employed Plaintiff. Therefore,

LQ argues that Jimenez has an interest in this litigation, separate from LQ, which could be impaired in Jimenez's absence.

Whether Plaintiff was exclusively an employee of LQ or Jimenez, or employed simultaneously by both LQ and Jimenez, is irrelevant to the present motion. The very existence of this factual dispute, which need not be resolved at this stage, underscores why Jimenez is indispensable to this action. Any resolution of that dispute rendered in Jimenez's absence would be highly prejudicial to Jimenez, which could not be alleviated. Jimenez might be subject to a subsequent, separate lawsuit on similar facts. Given the disputed employment relationship, it cannot be assumed that either Plaintiff or LQ has any incentive to adequately protect Jimenez's interests. At the very least, Jimenez should have the opportunity to weigh in on these disputed facts, which directly implicate his potential liability. Moreover, there is a significant risk that a judgment rendered in Jimenez's absence, whether he is jointly and severally liable with LQ, or liable independent of LQ, will not be adequate. It would be a waste of judicial resources to have a separate, subsequent lawsuit where Defendant LQ sought to collect against Jimenez, assuming they share liability for the discrimination alleged. Lastly, this lawsuit is in the early stages, and there would be little prejudice to any named party if it were re-filed in New York State Supreme Court. Accordingly, the Court holds that Jimenez is an indispensable party who cannot be dropped from this lawsuit. Plaintiff's motion for leave to file an amended complaint is, therefore, DENIED.

II.  Stay Pending EEOC Outcome

Where the Court finds that a non-diverse party is indispensable, it must consider whether in equity and good conscience the action should proceed in that person's absence, or the lawsuit should be dismissed. *See Curley*, 915 F.2d at 89-90. Rather than dismissal, Plaintiff proposes that the Court stay this action pending the outcome of her complaint with the EEOC. The Court agrees.

4

Assuming Plaintiff obtains a right to sue letter within 180 days after the initiation of her EEOC complaint (filed on November 27, 2013), Plaintiff could then re-commence this action and invoke federal question jurisdiction, rather than diversity jurisdiction, because she would have new Title VII claims to add. Rather than encourage a redundant separate lawsuit, in equity and good conscience, the Court finds that a stay is appropriate under the circumstances. Defendants are not prejudiced by a stay, particularly where it is almost certain that they would face an identical lawsuit absent a stay. Accordingly, Plaintiff's motion for a stay is GRANTED.

## CONCLUSION

For the reasons stated, Plaintiff's motion for leave to file an amended complaint is DENIED, without prejudice, and the motion for a stay is GRANTED. The case is stayed until **June 2, 2014**, by which date Plaintiff shall seek leave to file an amended complaint to add any federal claims that arise from the EEOC proceeding. Failure to timely move will result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

The Clerk of Court is directed to terminate the motion at ECF No. 23.

SO ORDERED.

Dated: April 9, 2014
New York, New York

ANALISA TORRES
United States District Judge